IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY DEWAYNE PITTMAN, | § | |
|     ID # 49695-177, | § | |
|         Movant, | § | |
| | § | No. 3:22-cv-2367-O |
| vs. | § | No. 3:15-cr-221-O-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|         Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Came on for consideration Randy Dewayne Pittman's ("Movant") *pro se* "Motion for Ineffective Assistance of Counsel and Motion to Amend Judgment and Committment [sic]" ("Motion"). The Court, having considered the motion, relevant filings, including the record in the underlying criminal case, No. 3:15-CR-221-O-1, and applicable authorities, finds that the Motion should be dismissed for lack of jurisdiction and for failure to prosecute.

**I.    BACKGROUND**

Movant, a current inmate in the federal prison system, pled guilty to one count of felon in possession of a firearm in the underlying criminal case, No. 3:15-CR-221-O-1. *See* Crim. ECF No. 36. He was sentenced to 51 months' imprisonment, to run consecutively to any sentence imposed in an unrelated state case in Georgia and to be followed by three years of supervised release. *See* Crim. ECF No. 88. He completed his term of imprisonment and began his term of supervised release on May 24, 2019. *See* Crim. ECF No. 116 at 1. He subsequently pled true to violating the terms of his supervised release, and by revocation judgment dated February 10, 2022, the Court sentenced him to 12 months and 1 day of imprisonment. *See* Crim. ECF No. 135.

Records from the Bureau of Prisons ("BOP") show that Movant completed serving his revocation sentence on August 24, 2022. *See* ECF No. 14-1. After his revocation sentence was

satisfied, Movant filed the Motion, dated September 26, 2022, where he appeared to challenge the validity of the revocation judgment and implied that it was impacting other sentences imposed in different cases. *See* ECF No. 2 at 4-5. Because he appeared to collaterally challenge the revocation judgment, the Motion was construed as a first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and this civil action was opened. *See* ECF No. 1. Movant then filed a motion to amend, in which he continued to collaterally attack the revocation judgment and clarified that he was also challenging the BOP's calculation of his sentence. *See* ECF No. 4.

The Court issued an order in accordance with *Castro v. United States*, 540 U.S. 375, 383 (2003), directing Movant to either (1) file an amended § 2255 motion on the appropriate form raising all of his challenges to his conviction and/or sentence; or (2) file a notice that he intends to dismiss this action. *See* ECF No. 9. The order also advised Movant that to the extent he was challenging the BOP's calculation of his sentence, the proper procedural vehicle for such challenge was through a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed in the district in which he was incarcerated. *See id.* at 3. Movant did not respond.

## II.   JURISDICTION

### A.  Section 2255

A § 2255 motion is a petition for relief from a conviction or sentence made by a prisoner under a federal sentence. A "movant is no longer in federal custody for the purpose of § 2255 relief where the sentence imposed for that conviction has expired." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (citing *Custis v. United States*, 511 U.S. 485, 497 (1994)). For purposes of § 2255, a movant who has been released from federal custody remains "in custody" if he remains subject to a term of supervised release on the challenged conviction. *See United States v. Bejarano*, 751 F.3d 280, 285 n.4 (5th Cir. 2014).

Here, Movant's 12 month and 1 day revocation sentence expired on August 24, 2022, over a month before the Motion was filed, and he was not subject to a term of supervised release following the expiration of the revocation sentence. *See* ECF Nos. 2, 14-1; Crim. ECF No. 135. Having fully served the revocation sentence imposed in No. 3:15-CR-221-O-1, Movant is not "in custody" for purposes of § 2255 such that he can challenge that sentence or conviction.[1] *See, e.g.*, *Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000) (stating that § 2255 requires that at the time a prisoner files the motion, "he must be 'in custody' for the conviction or sentence he wishes to challenge in order for the habeas court to have jurisdiction."). Accordingly, Movant's § 2255 claims are dismissed for lack of subject matter jurisdiction.

**B. Section 2241**

To the extent the Movant attempts to challenge the BOP's calculation of his sentence in this § 2255 action, grounds for relief challenging the execution of a sentence "are not cognizable in § 2255 proceedings but rather must be addressed as habeas petitions under 28 U.S.C. § 2241." *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990). Even if it were cognizable here, § 2241 also requires the prisoner to be "in custody" on the challenged sentence at the time the petition is filed in order for a court to have jurisdiction. *See Pack*, 218 F.3d at n.5. Further, to entertain a § 2241 habeas petition, a court must have jurisdiction over the prisoner or his custodian upon filing of the petition; such jurisdiction is in the district in which the petitioner is incarcerated. *Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001). At the time Movant filed the Motion, he was not in custody on the challenged revocation sentence, as discussed, and he was not incarcerated within the Northern District of Texas. This Court therefore lacks jurisdiction to entertain any

---

[1] Movant appears to be currently serving a federal sentence for an unrelated 2022 criminal conviction out of the Northern District of California. *See* ECF No. 14-2.

grounds for relief that arise under § 2241. Any such grounds in the Motion are therefore dismissed for lack of jurisdiction.

### III.     FAILURE TO PROSECUTE

As discussed, the Court issued an order under *Castro* instructing Movant to either file an amended § 2255 motion on the appropriate form if he intended to proceed in this case, or to notify the Court if he intended to dismiss the case. *See* ECF No. 9. Since the Court's order over a year ago, Movant has failed to respond to the order, failed to update his address with the Court, and has not communicated with the Court in either this § 2255 action or the underlying criminal action. This action is therefore also subject to dismissal without prejudice for want of prosecution and failure to comply with court rules under Federal Rule of Civil Procedure 41(b). *See* ECF No. 9; *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (stating that a district court has the inherent authority to dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41 for failure to prosecute or follow orders of the court).

### IV.     CONCLUSION

For the reasons discussed herein, the Court **DISMISSES** the Motion for lack of jurisdiction and for failure to prosecute.

**SO ORDERED this 21st day of March, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

4